Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
2901 West Pacific Coast Highway, Suite 350
Newport Beach, California 92663
Tel:(949) 263-5992
Facsimile:(949) 209-1948

Ross Cornell, Esq., APC (SBN 210413)
Email: *ross.law@me.com*
111 W. Ocean Blvd., Suite 400
Long Beach, CA  90802
Phone:  (562) 612-1708
Facsimile: (562) 394-9556

Attorneys for Plaintiff
Christopher Rhinesmith and the Proposed Class

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Rhinesmith, an individual on behalf of himself and all others similarly situated and the general public,<br><br>Plaintiff<br>v.<br><br>Tradewinds Beverage Company; Sweet Leaf Tea Company; Nestle Waters North America, Inc. and DOES 1 through 25, inclusive.<br><br>Defendants. | Case No. 2:17-cv-00408<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>JURY TRIAL DEMANDED |

1

**CLASS ACTION COMPLAINT**

COMES NOW PLAINTIFF, CHRISTOPHER RHINESMITH, WHO HEREBY ALLEGES THE FOLLOWING:

Plaintiff, Christopher Rhinesmith ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendants, Tradewinds Beverage Company, Sweet Leaf Tea Company and Nestle Waters North America, Inc.

The allegations in this Complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF ACTION

1.     Plaintiff files this class action lawsuit on behalf of himself and all similarly situated persons who purchased Tradewinds Iced Tea products that are branded, manufactured, distributed, marketed and sold by Nestle Waters of North America, Inc.

2.     Plaintiff brings this action on behalf of himself and a California and Nationwide proposed class of purchasers of the Tradewinds Products (as defined below) for violations of the California Consumer Legal Remedies Act, the California False Advertising Law, the California Unfair Competition Law, breach of express warranty, breach of the implied warranty of merchantability and for fraud and negligent misrepresentation.

## PARTIES

3.     Plaintiff, Christopher Rhinesmith ("Plaintiff "), is a citizen of California, who resides in the county of Los Angeles.  Plaintiff has purchased Defendants' iced tea products regularly over a period of more than one year and thereby altered his position in an amount equal to the amount he paid for the Defendants' products.  Plaintiff and the Proposed Class would not have purchased or paid a premium for the Tradewinds

**CLASS ACTION COMPLAINT**

Products had they known that the "natural" and "all-natural" claims were false, deceptive and misleading.

4.     Defendant, Nestle Waters of North America, Inc., is a Delaware corporation with its headquarters in Stamford, Connecticut.

5.     Defendant, Sweet Leaf Tea Company, is a Texas corporation with its headquarters in Austin, Texas.

6.     Defendant, Tradewinds Beverage Company, is an Ohio corporation with its headquarters in Carlisle, Ohio.

7.     Defendants Nestle Waters of North America, Inc., Sweet Leaf Tea Company and Tradewinds Beverage Company are hereinafter referred to collectively as the "Defendants" or "Tradewinds".

8.     The Tradewinds iced tea products that are the subject of this action include *Unsweet Tea*, *Unsweet Tea with Hint of Lemon*, *Unsweet Tea with Hint of Raspberry*, *Unsweet Tea with Hint of Peach*, *Sweet Tea*, *Extra Sweet Tea*, *Raspberry Tea*, *Lemon Tea*, and *Jimmy Buffet Tropical Citrus Green Tea* (hereinafter the "Tradewinds Products"). The Tradewinds Products are manufactured, packaged, marketed, distributed and sold by the Defendants via supermarket chains and retail stores throughout the United States.

9.     The Defendants make false, deceptive and misleading claims regarding natural ingredients used in the Tradewinds Products. Defendants created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Tradewinds Products that falsely claim they are natural or contain all natural ingredients.

10.     That the true names and capacities, whether individual, corporate, associate or otherwise of each of the defendants designated herein as a DOE are unknown to

**CLASS ACTION COMPLAINT**

Plaintiff at this time, who therefore, sue said defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiffs as alleged herein.

11.    On information and belief, Plaintiff alleges that at all times herein mentioned, each of the defendants was acting as the agent, servant or employee of the other defendants and that during the times and places of the incident in question, Defendants and each of their agents, servants, and employees became liable to Plaintiff and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.

12.    On information and belief, Plaintiff alleges that Defendants carried out a joint scheme with a common business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

13.    On information and belief, Plaintiff alleges that the shareholders, executive officers, managers, and supervisors of the Defendants directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein. Defendants' officers, directors, and high-level employees caused Tradewinds Products to be sold with knowledge or reckless disregard that the statements and representations concerning the Tradewinds Products were false and misleading.

14.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**CLASS ACTION COMPLAINT**

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction according to 28 U.S.C. § 1332(d), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs and most members of the proposed class are citizens of states different from Defendants.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

16.     Plaintiff is a citizen of California and this Court has personal jurisdiction over Defendants because Defendants conduct business in California and otherwise intentionally avail themselves of the markets in California so as to render the exercise of jurisdiction by this Court proper. Defendants have marketed, promoted, distributed, and sold the Tradewinds Products in California and in this District, which is where Plaintiff purchased Defendants' products.

17.     Pursuant to 28 U.S.C. §1391(b), this Court is the proper venue since the Defendants are subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

18.     Plaintiff has purchased the Tradewinds Products for more than one year from various locations throughout Los Angeles and other counties in the state of California.  Plaintiff's preference for iced teas is similar to other consumers seeking the health and wellness benefits of a natural product, which is why the Plaintiff has sought out been willing to pay a higher premium price for the Defendants' iced tea.  Plaintiff purchased and paid a premium therefore in reliance on such statements as "All Natural", "100% Natural", "With All Natural Ingredients", and "Naturally Flavored with All Natural Flavors".

**CLASS ACTION COMPLAINT**

19.    The Defendants' "natural" claims are printed on labels affixed to the Tradewinds Products and are widely disseminated on Tradewinds website as of the date of filing this action.  At all times, Plaintiff believed that he was purchasing "all natural" products when purchasing the Tradewinds Products.  Plaintiff would not have continued to purchase the products, or would have purchased them but at a lesser price, absent the misleading all natural-related statements and representations made by Defendants.

20.    Defendants manufacture and produce a variety of sweetened and unsweetened iced teas.  Defendants claim that the Tradewinds Products are "All Natural", "100% Natural", are made "With All Natural Ingredients", and are "Naturally Flavored with All Natural Flavors" (hereinafter the "All Natural Claims").  The All Natural Claims made by the Defendants regarding the Tradewinds Products are false, misleading and deceptive.  The Tradewinds Products cost more than other similar products that do have misleading labeling setting forth false All Natural Claims.  If the Defendants were enjoined from making the false All Natural Claims, the market demand and price for the Tradewinds Products would be reduced insofar as the market prices have been artificially inflated as a result of the Defendants' false All Natural Claims.

21.    Defendants admit on the Tradewinds website that they use caramel color in the Tradewinds Products.[1]  The following statement is prominently in the Frequently Asked Questions section of the Tradewinds website, admitting caramel color is used in the Tradewinds Products:

**Do Tradewinds Teas contain 4-MEI caramel color?**

No. Our teas are made with Class I caramel color, so it does not contain 4-MEI and is safe for consumption (and enjoyment).

22.    The Defendants prominently display claims that the Tradewinds Products

---

[1]  *www.tradewindsteas.com/faq/*

**CLASS ACTION COMPLAINT**

are "100% Natural" on the labels affixed to the products and on its website.  The following images show an example:



23.    The Defendants prominently display claims that the Tradewinds Products are made "With all Natural Ingredients" on the labels affixed to the products and on its website.  The following images show an example:



24.    The Defendants admit on product labels and on its website that beta-carotene coloring is used in the "Jimmy Buffet's" line of iced teas.  The following images show an example:

**CLASS ACTION COMPLAINT**

Ingredients: Water, Sugar, Apple Juice Concentrate, Pear Juice Concentrate, Citric Acid, Orange Juice Concentrate, Green Tea Extract, Natural Flavors, Modified Food Starch, Stevia Extract, Beta Carotene (for color).

25.     The FDA considers the term "natural" to mean that nothing artificial or synthetic  (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in that food.[2] By the Defendants' own admissions, the Tradewinds Products are artificially colored with caramel color and/or beta-carotene.  Caramel color and/or beta-carotene are artificial or synthetic, have been added, and would not normally be expected to be in iced tea. Insofar as the Defendants make very specific representations that the Tradewinds Products are "natural," those representations and the All Natural Claims are false, deceptive and misleading.

---

[2]  21 CFR Part 101 [Docket No. FDA–2014–N–1207]: Use of the Term ''Natural'' in the Labeling of Human Food Products

8

**CLASS ACTION COMPLAINT**

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

26.     In addition to asserting class claims, Plaintiffs assert claims on behalf of class members pursuant to *California Business & Professions Code § 17200, et seq.*  The purpose of such claims is to obtain injunctive orders regarding the false labeling, deceptive marketing and consistent pattern and practice of falsely promoting natural claims and the disgorgement of all profits and/or restoration of monies wrongfully obtained through the Defendants' pattern of unfair and deceptive business practices as alleged herein.  This private attorneys general action is necessary and appropriate because Defendants have engaged in wrongful acts described herein as part of the regular practice of its business.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23.

28.     Plaintiff seeks to represent the following Class and Sub-Class (hereinafter collectively the "Classes"):

> All persons residing in the United States who purchased the Tradewinds Products for personal use and not for resale during the time period January 18, 2013, through the present (the "Class").

> All persons residing in the State of California who purchased the Products for personal use and not for resale during the time period January 18, 2013, through the present (the "Sub-Class").

29.     The Classes comprise many thousands of persons throughout the United States and California, the joinder of whom is impracticable, and the disposition of their claims in a class action will benefit the parties and the Court. The Classes are sufficiently

**CLASS ACTION COMPLAINT**

numerous because on information and belief, thousands to hundreds of thousands of units of the Tradewinds Products have been sold in the United States and State of California during the time period January 18, 2013, through the present (the "Class Period").

30.     There is a well-defined community of interest in this litigation and the Classes are easily ascertainable:

a.  Numerosity:  The members of the Classes are so numerous that any form of joinder of all members would be unfeasible and impractical.  On information and belief, Plaintiff believes the size of the Classes exceed thousands of members.

b.  Typicality:  Plaintiff is qualified to and will fairly and adequately protects the interests of each member of the Classes with whom he has a well-defined community of interest and the claims (or defenses, if any), are typical of all members of the Classes.

c.  Adequacy:  Plaintiff does not have a conflict with the Classes and is qualified to and will fairly and adequately protect the interests of each member of the Classes with whom he has a well- defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that he has an obligation to the Court to make known any relationship, conflict, or difference with any putative class member.  Plaintiff's attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

d.  Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent

**CLASS ACTION COMPLAINT**

outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

31.    There exist common questions of law and fact that predominate over questions that may affect individual class members. Common questions of law and fact include, but are not limited to, the following:

a.  Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

b.  Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

c.  Whether Defendants made false and misleading representations in the advertising and/or packaging of the Tradewinds Products;

d.  Whether Defendants knew or should have known that the All Natural Claims and representations were false;

e.  Whether Defendants represented that the Tradewinds Products have characteristics, benefits, uses, or quantities which they do not have;

f.  Whether Defendants representations regarding the Tradewinds Products are false;

g.  Whether Defendants warranted the health and wellness of the Tradewinds Products by virtue of the All Natural Claims;

h.  Whether the Defendants breached warranties regarding the Tradewinds Products;

i.  Whether the Defendants committed statutory and common law fraud; and

j.  Whether Defendants' conduct as alleged herein constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

**CLASS ACTION COMPLAINT**

32.     Plaintiff's claims are typical of the claims of the Classes, and Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

33.     Plaintiff and the Classes have suffered injury in fact and have lost money as a result of Defendants' false representations.  Indeed, Plaintiff purchased the Tradewinds Products under the belief that they were "natural".  Plaintiff relied on Defendants' packaging, labeling, marketing and website and would not have purchased the Tradewinds Products or paid a premium for them if he had known that they did not have the characteristics, ingredients, uses, benefits, or quantities as represented vis-à-vis the All Natural Claims.

34.     The Defendants' misrepresentations regarding the All Natural Claims were material insofar as consumers relate to "natural" claims as indicative of healthier foods and tend to be willing to pay a price premium for healthier foods.  The Defendants are aware of consumer preference for healthier "natural" products and therefore have implemented a strategic false advertising and marketing campaign intended to deceive consumers into thinking that the Tradewinds Products are all natural, even though they contain artificial or synthetic ingredients.

35.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for class members to prosecute their claims individually.

36.     The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far

**CLASS ACTION COMPLAINT**

fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

37.     Defendants have acted on grounds generally applicable to the Classes as a whole, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Classes as a whole. The prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendants.

38.     Absent a class action, Defendants are likely to retain the benefits of their wrongdoing. Because of the small size of the individual class members' claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the class members will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

39.     Excluded from the class are the Defendants in this action, any entity in which Defendants have a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of Defendants.

40.     Were if not for this class action, most class members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy.

41.     This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

**CLASS ACTION COMPLAINT**

1
2
3

## FIRST CAUSE OF ACTION
Violations of California Civil Code § 1750, *et seq.*
By Plaintiff and the Proposed Sub-Class against Defendants
(Injunctive Relief Only with Reservation)

4      42.    Plaintiff hereby incorporates by reference the allegations contained in all

5   preceding paragraphs of this complaint.

6      43.    Plaintiff and the Sub-Class are "consumers" as defined by Cal. Civ. Code §

7   1761(d) and the Tradewinds Products are each a "good" as defined by Cal. Civ. Code §

8   1761(a).

9      44.    The California Consumers Legal Remedies Act, Cal. Civ. Code §

10  1770(a)(5), expressly prohibits "[r]epresenting that goods or services have sponsorship,

11  approval, characteristics, ingredients, uses, benefits, or quantities which they do not have

12  or that a person has a sponsorship, approval, status, affiliation, or connection which he or

13  she does not have."  The Defendants have violated § 1770(a)(5) insofar as the All Natural

14  Claims constitute characteristics, ingredients and/or benefits that the Tradewinds

15  Products do not have.

16     45.    The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)

17  (7), expressly prohibits "[r]epresenting that goods or services are of a particular standard,

18  quality, or grade, or that goods are of a particular style or model, if they are of another."

19  The Defendants have violated § 1770(a)(7) insofar as the Tradewinds Products are

20  represented as all natural via the All Natural Claims, which constitutes a particular

21  quality or grade, when in truth they contain artificial and synthetic ingredients and are not

22  all natural.

23     46.    The California Consumers Legal Remedies Act, Cal. Civ. Code §

24  1770(a)(9), expressly prohibits "[a]dvertising goods or services with intent not to sell

25  them as advertised."  The Defendants have violated § 1770(a)(9) insofar as the

26

27  ## CLASS ACTION COMPLAINT

28

Tradewinds Products have been advertised with All Natural Claims, but are not advertised or sold in a manner consistent with those claims.  Because the Defendants know and have admitted that the Tradewinds Products contain artificial or synthetic ingredients, the Defendants intended not to the sell the Tradewinds Products as advertised, in violation of the CLRA.

47.     The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(16), expressly prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not."  The Defendants have violated § 1770(a)(16) insofar as the Defendants have represented that the Plaintiff and Sub-Class have been supplied with "all natural" iced tea when they have not.

48.     Plaintiff and the proposed Sub-Class of California class members suffered injuries caused by Defendants because they would not have purchased the Tradewinds Products if the true facts were known concerning the Defendants' false and misleading All Natural Claims.

49.     On or about January 13, 2017, prior to filing this action, a notice letter was served on Defendants advising the Defendants that they are in violation of the CLRA and demanding remedies for Plaintiff and class members in accordance with Cal. Civ. Code 1782(a).

50.     Plaintiff seeks injunctive relief only for this violation of the CLRA, but reserves it right to amend this complaint to include allegations for the recovery of damages under the CLRA.  In compliance with Cal. Civ. Code 1782(d), Plaintiff has executed the affidavit of venue attached hereto and filed concurrently herewith.

15

**CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION

Violations of California Business & Professions Code §§17500, *et seq.*
By Plaintiff and the Proposed Sub-Class against Defendants

51.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

52.     Pursuant to Cal. Bus. & Prof. Code §§ 17500, *et seq.*, it is "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

53.     Defendants committed acts of false advertising, as defined by §17500, by making the All Natural Claims regarding the Tradewinds Products because those claims are false and misleading.

54.     Because the Defendants' website and product labeling admit the Tradewinds Products contain artificial or synthetic ingredients, Defendants knew or should have known through the exercise of reasonable care that the All Natural Claims regarding the Tradewinds Products were false, untrue and misleading to Plaintiff and class members.

55.     Defendants' actions in violation of § 17500 were false and misleading such that the Plaintiff, the Proposed Sub-Class and the general public are and were likely to be deceived.

56.     Plaintiff and the Proposed Sub-Class lost money or property as a result of Defendants' false advertising violations, because they would not have purchased or paid a premium for the Tradewinds Products if they had not been deceived by the false All Natural Claims.

## CLASS ACTION COMPLAINT

57. Plaintiff and the Proposed Sub-Class paid a premium for the Tradewinds Products due to their reliance on the All Natural Claims and on the Defendants' good faith and reputation.

**THIRD CAUSE OF ACTION**
For Breach of Express Warranty
Violations of Cal. Com. Code § 2313(1)
By Plaintiff and the Proposed Sub-Class against the Defendants

58. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

59. Defendants made representations, promises and/or affirmations of fact constituting express warranties regarding the All Natural Claims, which formed a basis of the bargain on which the Plaintiff and the Proposed Sub-Class relied in purchasing the Tradewinds Products.

60. The Defendants breach the express warranties by selling the Tradewinds Products in contravention of the express warranties insofar as the Tradewinds Products contained artificial and/or synthetic ingredients.

61. Defendants' breach of the express warranties were the actual and proximate cause of damage to the Plaintiff and the Proposed Sub-Class including, *inter alia*, the loss of the purchase prices and/or the payment of a price premium in connection with their purchase of the Tradewinds Products.

62. Plaintiff provided written notice of breach to the Defendants, who failed to adequately respond or remedy the breach.

63. Accordingly, Plaintiff and the Proposed Sub-Class seek actual damages arising from the Defendants' breach of express warranty.

**CLASS ACTION COMPLAINT**

## FOURTH CAUSE OF ACTION
For Breach of the Implied Warranty of Merchantability
Violations of Cal. Com. Code § 2314
By Plaintiff and the Proposed Sub-Class against the Defendants

64.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

65.    Defendants made representations in the form of marketing and product labeling setting forth the All Natural Claims.  The Defendants are merchants that sold the Tradewinds Products to Plaintiff and the Proposed Sub-Class, which carried with it an implied warranty that the Tradewinds Products were merchantable.

66.    The Defendants breach the implied warranty in that the All Natural Claims regarding Tradewinds Products were false.

67.    As an actual and proximate result of the Defendants' breach of implied warranty, Plaintiff and the Proposed Sub-Class did not receive the Tradewinds Products in a manner that conformed to the promises and affirmations made on the labels thereof, in violation of Cal. Com. Code § 2314(2)(f).

68.    Plaintiff provided written notice of breach to the Defendants, who failed to adequately respond or remedy the breach.

69.    Accordingly, Plaintiff and the Proposed Sub-Class seek actual damages arising from the Defendants' breach of implied warranty.

## FIFTH CAUSE OF ACTION
For Fraud
By Plaintiff and Proposed Class against Defendants

70.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

**CLASS ACTION COMPLAINT**

71.     Plaintiff brings this claim individually and on behalf of the Proposed Class against Defendants.

72.     As discussed above, Defendants provided Plaintiff and Class members with false or misleading material information in connection with the All Natural Claims and failed to disclose material facts about the Tradewinds Products.

73.     Defendants misrepresented the nature and content of the Tradewinds Products by making the false All Natural Claims.

74.     The Defendants' misrepresentations and omissions were made with knowledge of the falsehood thereof or in conscious disregard of the likelihood of their falsehood.

75.     The misrepresentations and/or omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and the Proposed Class members to purchase the Tradewinds Products.

76.     The fraudulent actions of Defendants caused damage to Plaintiff and the Proposed Class members, who are entitled to damages, punitive damages, and other legal and equitable relief as a result.

## SIXTH CAUSE OF ACTION
For Negligent Misrepresentation
By Plaintiff and Proposed Class against Defendants

77.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

78.     Plaintiff brings this claim individually and on behalf of the Proposed Class against Defendants.

**CLASS ACTION COMPLAINT**

79.     Defendants misrepresented the nature, quality and ingredients of the Tradewinds Products.  Defendants had a duty to disclose this information.

80.     At the time Defendants made the false All Natural Claims and representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

81.     Defendants negligently misrepresented and omitted material facts about the Tradewinds Products, in that they were not "all natural" and in fact contained artificial and/or synthetic ingredients.  Plaintiff and the Proposed Class relied upon the negligent statements or omissions and were deceived and induced into purchasing the Tradewinds Products.

82.     The negligent misrepresentations and/or omissions made by Defendants, upon which Plaintiff and the Proposed Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and the Proposed Class members to purchase the Tradewinds Products.

83.     Plaintiff and Class members would not have purchased the Tradewinds Products and/or would not have paid a price premium therefore, if the true facts had been known to them regarding the falsity of the All Natural Claims.

84.     The negligent actions of Defendants caused damage to Plaintiff and the Proposed Class members, who are entitled to damages and other legal and equitable relief as a result.

**SEVENTH CAUSE OF ACTION**
For Violation Cal. Bus. & Prof. Code § 17200, *et seq*.
By Plaintiff and Proposed Sub-Class against Defendants

85.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

**CLASS ACTION COMPLAINT**

86.     Plaintiff brings this claim individually and on behalf of the proposed Sub-Class against Defendant.

87.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL").  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

88.     Defendants know and have known that the All Natural Claims are false, deceptive and misleading as a result of the inclusion of caramel color and beta-carotene in the Tradewinds Products.

89.     The foregoing acts and omissions by the Defendants constitute unfair, fraudulent business acts or practices and false advertising.

90.     As alleged hereinabove, the false, deceptive and misleading All Natural Claims by the Defendants are and were likely to deceive the Plaintiff, the Proposed Sub-Class, reasonable consumers and members of the general public and are therefore "fraudulent" within the meaning of the UCL.

91.     The foregoing violations of the Consumer Legal Remedies Act, the False Advertising Law and the California Commercial Code constitute "unlawful" business practices within the meaning of the UCL.

92.     Under the facts alleged hereinabove, the Defendants have also violations the Federal Food, Drug and Cosmetic Act [21 C.F.R. §§ 301, 343(a)] and the California Sherman Food & Drug and Cosmetic Act [Cal. Health & Safety Code § 109875], both of which constitute unlawful business practices within the meaning of the UCL.

93.     Defendants' misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the

21

**CLASS ACTION COMPLAINT**

gravity of the conduct outweighs any alleged benefits.  The harm is substantial given the fact consumers are misled as to the nature of the Tradewinds Products and All Natural Claims and Plaintiff and the Proposed Sub-Class have thereby been deceived and misled into unfairly paying premium prices.

94.     Defendants have specific knowledge that its natural claims are false and misleading, but continued to market the Tradewinds Products with the intent of making substantial profits based on the unfair, fraudulent, deceptive practices alleged herein.

95.     The Defendants' conduct is also unfair given the huge profits derived from the sale of the Tradewinds Products at the expense of consumers as a result of the false and misleading All Natural Claims.

96.     Defendant violated the "fraudulent" prong of the UCL by making false statements, untruths, and misrepresentations about the Tradewinds Products vis-à-vis the All Natural Claims which are/were likely to deceive the Plaintiff, the Proposed Sub-Class, reasonable consumers and the general public.

97.     Plaintiff, the Class, and the Sub-Class lost money or property as a result of Defendants' UCL violations because they would not have purchased the Tradewinds Products, would not have purchased the amount of Tradewinds Products they purchased, and/or would not have paid the premium price they paid for the Tradewinds Products  if the true facts were known concerning the false and misleading All Natural Claims.

98.     Defendants' business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this state.  Further, any justification for Defendants' wrongful conduct is outweighed by the adverse effects of such conduct.

99.     Plaintiff and the Sub-Class members could not reasonably avoid the harm caused by Defendants' wrongful practices. Assuming, arguendo, that Defendants'

**CLASS ACTION COMPLAINT**

practices are/were not express violations of the laws set forth above, those practices fall within the penumbra of such laws and a finding of unfairness can properly be tethered to the public policies expressed therein. Thus, Defendants engaged in unfair business practices prohibited by California Business & Professions Code § 17200 et seq.

100.   Plaintiff, the Class, and the Sub-Class are entitled to restitution and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the nationwide Class and the Sub-Class under Rule 23 of the Federal Rules of Civil Procedure;

b. For an order certifying Plaintiff as the representative of the Class and Sub-Class and Plaintiff's attorneys as Class Counsel to represent members of the Class and Sub-Class;

c. For an order declaring the Defendants' conduct violates the statutes and laws referenced herein;

d. For an order to correct, destroy, and change all false and misleading labeling and website terms relating to the All Natural Claims;

e. For an order finding in favor of Plaintiff, the Class and the Sub-Class on all counts asserted herein;

f. For compensatory and punitive damages in amounts to be determined;

g. For prejudgment interest on all amounts awarded;

h. For an order of restitution, disgorgement of profits, and all other forms of equitable monetary relief;

**CLASS ACTION COMPLAINT**

i.  For injunctive relief as pleaded or as the Court may deem proper; and

j.  For an order awarding Plaintiff, the Class, and the Sub-Class their reasonable attorneys' fees and expenses and costs of suit.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: January 18, 2017          **LAW OFFICES OF ROSS CORNELL, APC**

By:     <u>/s/ Ross Cornell</u>
Ross Cornell, Esq.
Attorneys for Christopher Rhinesmith
and the Proposed Classes

**CLASS ACTION COMPLAINT**

DocuSign Envelope ID: 5FA794B6-6185-4E63-AC4B-261734605A1A

## DECLARATION OF CHRISTOPHER RHINESMITH

I, Christopher Rhinesmith, declare as follows:

1.      I am the Plaintiff in the within lawsuit against Tradewinds Beverage Company, Sweet Leaf Tea Company and Nestle Waters North America, Inc. and specifically to the First Cause of Action for Violations of the Consumer Legal Remedies Act.

2.      I am competent adult, over eighteen years of age, and at all times material to this action I have been a citizen of the United States, residing in California.  I make this affidavit as required by California Civil Code §1780(d).

2.      The Complaint in this action is filed in the proper place for trial because the Defendant is doing business in Los Angeles County, which is where a substantial portion of the transactions at issue in the complaint arose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true to the best of my knowledge.

Executed this 17th day of January 2017 in Los Angeles, California.



_____
Christopher Rhinesmith

**DECLARATION OF CHRISTOPHER RHINESMITH**